UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

MINNIE L. LIGHTFOOT                                             CASE NO. 05-20224

DEBTOR

## OPINION AND ORDER

This matter is before the court upon the Motion to Vacate Order of Confirmation filed by American Tax Funding, LLC ("claimant") in the within proceeding.  American Tax Funding holds a claim by virtue of its purchase of an unpaid tax bill on the debtor's residence in Kenton County, Kentucky.  Movant has filed Claim No. 3 in this proceeding in the amount of $2,344.77 plus interest of $12.65 per month until paid.  The claim was purchased pursuant to the terms of Kentucky Revised Statutes 134.460 which substantially places the purchaser of the claim in the position of the taxing authority and provides for collection of the sums due plus interest and other sums due thereon and gives the holder of the claim the lien rights of the taxing authority against the property in question.  For purposes of the within proceeding, it appears that the lien in question is a statutory lien which Kentucky law provides for and which arises upon assessment of ad valorem taxes.

Claimant has also filed its objection to confirmation of the plan debtor has filed herein.  After several plans, debtor's third amended plan was confirmed over the objection of claimant.  For purposes of considering this motion, the court will consider the motion as if it had been heard at the confirmation hearing.

The court heard oral argument on the within matters and invited further briefing from the trustee and claimant in the matter.  No

further briefs were filed and the matter stands submitted upon the motion and objection filed by claimant which appears to substantially set forth claimant's arguments.  Those arguments recite the Kentucky statutory scheme providing for 12% interest on purchased delinquent tax bills and argues that the court should enforce the Kentucky statutory scheme.  Claimant argues that policy dictates that the Kentucky statutory scheme should prevail since, apparently, claimant paid full face value for the delinquent tax bill and argues that units of government will be unable to collect their taxes if less than the statutory interest rate and other payments are payable in the context of a Chapter 13 proceeding by the debtor.

The debtor's plan, filed on May 5, 2005, treats the claim of claimant as a secured claim to be paid inside the plan.  It appears that the claim is listed as "City of Covington" in the amount of $2,176.00.  It appears that the claim is at least partially secured, and may be fully secured, against the residence of the debtor.  The plan proposes to pay the claim in full as a secured claim with an interest rate of 6%.  It is the modification of the interest rate which is the prime target of the objection filed by claimant.

Pursuant to the terms of 11 U.S.C. §1322(b)(2), a debtor may modify the rights of holders of secured claims other than holders of security interests in the principal residence of the debtor.  For present purposes, it appears that the claimant stands in the shoes of the original claimant as a statutory lien holder.  Since a statutory lien is not a "security interest" within the meaning of 11 U.S.C. §1322(b)(2), the debtor may modify the rights of the claimant.  *Rankin v. DeSarno*, 89 F.3d 1123 (3rd Cir. 1996).  While the claimant makes what may well be valid policy arguments for amendment of the

provision, such policy arguments cannot overcome the directive of the language Congress chose to employ in the statute.

With respect to the interest rate used by the debtor in the plan, the Supreme Court has recently addressed this issue and it appears that a national prime rate plus an upward adjustment for a risk factor is appropriate. *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951 (2004). No argument has been made that the 6% interest rate employed by the debtor in this matter does not meet the *Till* test. It should be noted that the *Rankin* cases previously cited applied the statutory interest rate but that case preceded the ruling in *Till* which has now defined interest rates when modifying the rights of secured creditors in Chapter 13 proceedings.

IT IS THEREFORE ORDERED that the Motion to Vacate Order of Confirmation filed herein by American Tax Funding, LLC, be, and the same hereby is, OVERRULED.

COPIES TO:

Debtor
Michael E. Plummer, Esq.
Beverly M. Burden, Esq.
James D. Ballinger, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, October 20, 2005
(wsh)**